Laura L. Franklin (SBN 282642)
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
lfranklin@mybackwages.com

*Counsel for Martinez & the Hourly Employees*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

**ALESSANDRA MARTINEZ,** Individually and for Others Similarly Situated,

Plaintiff,

v.

**GRIFOLS SHARED SERVICES NORTH AMERICA, INC.,** a Virginia corporation, and DOES 1-50,

Defendant.

**Case No. 2:26-cv-906**

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**

(1) Failure to Pay Overtime Under the Fair Labor Standards Act (29 U.S.C. § 201, et seq.); and

(2) Failure to Pay Overtime Under the New Mexico Minimum Wage Act (N.M.S.A § 50-4-22, *et seq.*).

**DEMAND FOR JURY TRIAL**

## Summary

1. Alessandra Martinez ("Martinez") brings this class and collective action to recover unpaid wages and other damages from Grifols Shared Services North America, Inc. ("Grifols").

2. Grifols employed Martinez as one of its Hourly Employees (defined below) in New Mexico.

3. Martinez and the Hourly Employees regularly work more than 40 hours a week.

4. But Grifols does not pay Martinez and the other Hourly Employees at least 1.5 times their regular rate of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

5. Instead, Grifols pays Martinez and the other Hourly Employees non-discretionary bonuses that it fails to include in these employees' regular rates of pay for overtime purposes (Grifols' "bonus pay scheme").

6. Grifols' bonus pay scheme violates the Fair Labor Standards Act ("FLSA") and various provisions of the New Mexico Minimum Wage Act ("NMMWA") by failing to compensate Martinez and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

## Jurisdiction & Venue

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over the state-law subclass claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Grifols because it maintains its principal place of business in California.

10. Venue is proper because Grifols maintains its principal place of business in Los Angeles County, which is in this district and division. 28 U.S.C. § 1391(b)(1).

## Parties

11. Grifols employed Martinez as a Phlebotomist in in Las Cruces, New Mexico, from approximately December 2023 until February 2025.

12. Throughout her employment, Grifols paid Martinez under its bonus pay scheme.

13. Martinez's written consent is attached as **Exhibit 1**.

14. Martinez brings this class and collective action on behalf of herself, and other similarly situated Grifols employees paid under its bonus pay scheme.

15. The putative FLSA collective of similarly situated employees is defined as:

> **All hourly employees who Grifols paid under its bonus pay scheme during the last three years through final resolution of this action (the "FLSA Collective Members").**

16. The putative New Mexico class of similarly situated employees is defined as:

> **All hourly employees who Grifols paid under its bonus pay scheme in New Mexico (the "New Mexico Class Members").**

17. The FLSA Collective Members and the New Mexico Class Members are collectively referred to as the "Hourly Employees."

18. Grifols is a Virginia corporation headquartered in Los Angeles, California.

19. Grifols may be served with process through its registered agent: **C T Corporation System, 330 North Brand Blvd., Suite 700, Glendale, California 91203**.

20. Each of the fictitiously named defendants participated in the acts alleged in this Complaint.

21. The true names and capacities of the defendants named as DOES 1 through 50, inclusive, are presently unknown to Martinez.

22. Martinez will amend this Complaint, setting forth the true names and capacities of these fictitiously named defendants when their true names are ascertained.

23. Martinez is informed and believes, and on that basis alleges, that each of the fictitious defendant(s) have participated in the acts alleged in this Complaint.

## FLSA Coverage

24. At all relevant times, Grifols was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

25. At all relevant times, Grifols was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

26. At all relevant times, Grifols was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, and personal protective equipment, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

27. At all relevant times, Grifols has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

28. At all relevant times, the Hourly Employees were Grifols's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

29. At all relevant times, the Hourly Employees were engaged in commerce or in the production of goods for commerce.

## Facts

30. Grifols operates "more than 400 plasma donation centers spanning the U.S., Canada, Europe, and Egypt[,] … [t]o help meet the growing need for plasma …

the starting material needed for [its] medicines."[1]

31. To meet its business objectives, Grifols employs workers such as Martinez and the other Hourly Employees to facilitate safe plasma donation in its plasma donation facilities.

32. For example, Grifols employed Martinez as a Phlebotomist in Las Cruces, New Mexico from approximately December 2023 to February 2025.

33. As a Phlebotomist, Martinez's primary job duties included screening donors, drawing blood, and creating donors' system profiles.

34. Throughout her employment, Martinez regularly worked more than 40 hours a workweek.

35. Indeed, Martinez typically worked approximately 8 to 10 hours a day and 5 to 6 days a week "on the clock" (40 to 60 hours a workweek).

36. For example, Martinez worked approximately 55 to 60 hours during the first week of January 2025.

37. Grifols paid Martinez approximately $16 an hour.

38. Likewise, the other Hourly Employees typically worked approximately 40 to 60 hours a workweek "on the clock."

39. And Martinez and the other Hourly Employees are required to report their "on the clock" hours worked via Grifols' designated timekeeping system.

40. But Grifols does not pay Martinez and the other Hourly Employees at the required premium overtime rate for all hours worked in excess of 40 a workweek.

41. Instead, Grifols pays Martinez and the other Hourly Employees under its bonus pay scheme.

[1] https://www.grifolsplasma.com/en/about-grifols (last visited January 28, 2026).

42. Specifically, Grifols agrees to pay and subsequently pays Martinez and the other Hourly Employees non-discretionary bonuses, including sign on and performance bonuses, based on fulfillment of its criteria.

43. But Grifols excludes these non-discretionary bonuses from their regular rates of pay for overtime purposes during workweeks Martinez and the Hourly Employees work in excess of 40 hours and earn the bonuses.

44. For example, Grifols paid Martinez a performance bonus, if she met its criteria, approximately quarterly.

45. But Grifols failed to include these bonuses in her regular rate of pay for purposes of calculating her overtime wages for hours she worked in excess of 40 in a workweek during such quarters.

46. Thus, Grifols fails to pay Martinez and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

## Class And Collective Action Allegations

47. Martinez brings her New Mexico state law claims as a class action pursuant to Fed. R. Civ. P. 23 and brings her FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

48. Like Martinez, the other Hourly Employees are victimized by Grifols' bonus pay scheme.

49. Other Hourly Employees worked with Martinez and indicated they were paid in the same or similar manner under Grifols' bonus pay scheme.

50. Based on her experience with Grifols, Martinez is aware Grifols' bonus pay scheme was imposed on other Hourly Employees.

51. The Hourly Employees are similarly situated in the most relevant aspects.

52. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the

required premium rate—based on all remuneration—for all overtime hours worked.

53. Therefore, the specific job titles or job locations of the Hourly Employees do not prevent class or collective treatment.

54. Rather, Grifols' bonus pay scheme renders Martinez and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate—based on all remuneration—for all hours worked in excess of 40 in a workweek.

55. Grifols' records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

56. Grifols' records also show it paid Martinez and the other Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

57. The back wages owed to Martinez and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

58. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Grifols' records, and there is no detraction from the common nucleus of liability facts.

59. Therefore, the issue of damages does not preclude class or collective treatment.

60. Martinez's experiences are therefore typical of the experiences of the other Hourly Employees.

61. Martinez has no interest contrary to, or in conflict with, the interests of other Hourly Employees that would prevent class or collective treatment.

62. Like each Hourly Employee, Martinez has an interest in obtaining the unpaid wages owed to them under federal and New Mexico law.

63. Martinez and her counsel will fairly and adequately protect the interests of the Hourly Employees.

64. Martinez retained counsel with significant experience in handling

complex class and collective action litigation.

65. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Grifols will reap the unjust benefits of violating the FLSA and NMMWA.

66. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

67. Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and Grifols.

68. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

69. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

70. The common questions of law and fact include:

a. Whether Grifols paid the Hourly Employees non-discretionary bonuses;

b. Whether Grifols failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

c. Whether Grifols failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

d. Whether Grifols' decision to not pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith;

e. Whether Grifols' failure to pay the Hourly Employees overtime wages at the required premium rate—based

on all remuneration—for all overtime hours worked, as required by the NMMWA, under its bonus pay scheme constituted a continuing course of unlawful conduct; and

f. Whether Grifols' violations were willful.

71. As part of its regular business practices, Grifols intentionally, willfully, and repeatedly violated the FLSA .

72. There are many similarly situated Hourly Employees who have been denied overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

73. The Hourly Employees are known to Grifols, are readily identifiable, and can be located through Grifols' business and personnel records.

## GRIFOLS' VIOLATIONS WERE WILLFUL

74. Grifols knew it employed Martinez and the other Hourly Employees.

75. Grifols knew it was subject to the FLSA's overtime provisions.

76. Grifols knew the FLSA required it to pay non-exempt employees, including Martinez and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

77. Grifols knew Martinez and each Hourly Employee worked more than 40 hours in at least one workweek because these employees were required to report their "on the clock" hours via Grifols' timekeeping system.

78. Grifols knew Martinez and the other Hourly Employees were non-exempt employees entitled to overtime pay.

79. Grifols knew it paid the Hourly Employees non-discretionary bonuses.

80. Grifols knew it was required to include these non-discretionary bonuses in their regular rates of pay.

81. Grifols knew these non-discretionary bonuses were not included in Martinez's and the other Hourly Employees' regular rates of pay for overtime purposes.

82. And Grifols knew the FLSA requires it to pay Martinez and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

83. Grifols' failure to pay Martinez and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

84. Grifols knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Martinez and the other Hourly Employees of overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 a workweek, in violation of the FLSA.

85. Indeed, Grifols (and related entities) have previously been sued for failing to pay required premium overtime wages under the FLSA. *See*, *e.g.*, *Lambing v. Biomat USA, Inc.*, No. 4:08-cv-01003 (S.D. Tex.); *Negrete v. Plasma Collection Centers, Inc.*, *et al.*, No. 2:10-cv-05844-PSG-RC (C.D. Cal.).

## COUNT I

## FAILURE TO PAY OVERTIME WAGES

## PURSUANT TO 29 U.S.C § 216

## (FLSA COLLECTIVE)

86. Martinez brings her FLSA claims on behalf of herself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

87. Grifols violated, and is violating, the FLSA by employing non-exempt employees such as Martinez and the other FLSA Collective Members in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages

at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

88. Grifols' unlawful conduct harmed Martinez and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

89. Accordingly, Grifols owes Martinez and the other FLSA Collective Members the difference between the wages actually paid and the overtime wages actually earned.

90. Because Grifols knew or showed reckless disregard for whether its bonus pay scheme violated the FLSA, Grifols owes Martinez and the other FLSA Collective Members these wages for at least the past 3 years.

91. Grifols is also liable to Martinez and the other FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

92. Finally, Martinez and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT II

## FAILURE TO PAY OVERTIME UNDER THE NMMWA

## (NEW MEXICO CLASS)

93. Martinez brings her overtime time claims under the NMMWA as a class action on behalf of herself and the other New Mexico Class Members pursuant to Fed. R. Civ. P. 23.

94. The conduct alleged in this Complaint violates the NMMWA. *See* N.M.S.A. §§ 50-4-20, *et seq.*

95. At all relevant times, Grifols has been an "employer" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-1; *see also* N.M.S.A. § 50-4-21.

96. At all relevant times, Grifols has been an "enterprise in business" within the meaning of the NMMWA.

97. At all relevant times, Martinez and each New Mexico Class Member

have been covered "employees" within the meaning of the NMMWA. *See* N.M.S.A. § 50-4-21(C).

98. At all relevant times, Grifols has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in a closely related process or occupation directly essential to the production thereof.

99. The NMMWA requires employers, like Grifols, to pay employees, including the New Mexico Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 hours in any one 7-day workweek. *See* N.M.S.A. § 50-4-22(D).

100. Martinez and the New Mexico Class Members are entitled to overtime pay under the NMMWA for all hours worked in excess of 40 hours in a 7-day workweek.

101. Grifols violated, and is violating, the NMMWA by employing non-exempt employees like Martinez and the other New Mexico Class Members in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all worked in excess of 40 in a 7-day workweek. *See* N.M.S.A. § 50-4-22(D).

102. Grifols' unlawful bonus pay scheme at issue were, and are, part of a continuing course of conduct, entitling Martinez and the other New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

103. Grifols' unlawful conduct harmed Martinez and the New Mexico Class Members by depriving them of the premium overtime wages they are owed.

104. Accordingly, Martinez and the other New Mexico Class Members are entitled to recover their unpaid overtime in amount equal to 1.5 times their regular rates of pay for all hours worked in excess of 40 in a 7-day workweek, "an additional

amount equal to twice the unpaid … wages" as treble damages, N.M.S.A. § 50-4-26(C); and all reasonable attorneys' fees and costs incurred in this action, N.M.S.A. § 50-4-26(E).

## Relief Sought

WHEREFORE, Martinez, individually and on behalf of the other Hourly Employees, seeks the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b. An Order certifying this lawsuit as a class action pursuant to Fed. R. Civ. P. 23;

c. An Order appointing Martinez and her counsel to represent the interests of the New Mexico Class Members;

d. An Order finding Grifols liable to Martinez and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An Order finding Grifols liable to Martinez and the other New Mexico Class Members for all unpaid overtime wages owed under the NMMWA, plus treble damages in an amount equal to two times their unpaid overtime wages;

f. A Judgment against Grifols awarding Martinez and the other FLSA Collective Members all their unpaid overtime wages, liquidated damages, and any other penalties available under the FLSA;

g. A Judgement against Grifols awarding Martinez and the other New Mexico Class Members all their unpaid overtime compensation, treble damages, and all other damages and/or

penalties available under the NMMWA;

h. An Order awarding attorney's fees, costs, and expenses;

i. Pre- and post-judgment interest at the highest applicable rates; and

j. Such other and further relief as may be necessary and appropriate.

Date: January 29, 2026

Respectfully submitted,

*/s/Laura L. Franklin*
Laura L. Franklin
**JOSEPHSON DUNLAP LLP**
*Counsel for* Martinez *& the Hourly Employees*

## DEMAND FOR JURY TRIAL

Martinez hereby demands a jury trial on all claims and issues, as she and the other Hourly Employees are entitled to a jury.

Date: January 29, 2026

Respectfully submitted,

*/s/Laura L. Franklin*
Laura L. Franklin
**JOSEPHSON DUNLAP LLP**
*Counsel for* Martinez *& the Hourly Employees*